[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The court will find as follows:
The parties intermarried in the City of Hartford, State of Connecticut, on August 7, 1971. Both parties resided in the State of Connecticut for at least one year next proceeding the date of the filing of the complaint. There is one child born issue of the marriage. Said child has attained majority and there are no other minor children born to the wife. The court finds that the marriage of the parties has broken down irretrievably. CT Page 10116
The major problem or issue in this case is really the division of the marital estate and alimony. The plaintiff is a woman of about 46 years of age, who has not worked in the last 21 or 22 years of the marriage. She has been primarily a homemaker, one of her problems being a congenital condition leading to a situation where she is legally blind. One of her eyes had to be removed and she wears a prosthetic device in place of that eye. The other eye has some degeneration caused by this congenital defect, plus a cataract, leaving her legally blind. Because of her situation she is not able to drive a car and has had no motivation to seek employment up until this particular point in time.
She is currently attending Manchester Community College, taking two courses that hopefully will give her an Associate Degree as a social worker or get her into some kind of employment as a counselor. At the current rate, it will take her approximately five years to complete her Associate Degree, rather than the normal two years. The plaintiff does receive some supplemental Social Security payments for her blindness and has had some rehabilitative training in homemaking from the State Department of Education for the Blind.
The marriage evidently broke down within the last 4 or 5 years. Part of the cause was the development of what she calls a "Dr. Jekyll and Mr. Hyde" condition in her husband. He would go for several days being very pleasant and then would go out of control, losing his temper and throwing things.
A number of the problems seem to have occurred because of the flashbacks the plaintiff had a few years ago resulting in her going to counseling and the resulting perception that one of her uncles had sexually molested and abused her as a child. She had, some how or other, pushed this from her mind so that it did not bother her until these "flashback" incidents occurred.
As a result of this discovery, she refused to have sexual relations with her husband, which he contends is one of the reasons for the breakdown. There are accusations on her part that although her husband was originally sympathetic to her handicap, that in the last several years he has not shown any sympathy or compassion for her and has refused to drive her, or to take her shopping for groceries and household needs. CT Page 10117
The defendant is making approximately $685 per week. He has had stretches where with overtime he has earned approximately $702.47 per week.
The parties are in agreement that the husband will quitclaim the marital home at 55 Pinecrest Drive, East Hartford, Conn., to the plaintiff and the plaintiff will release the defendant from any claims she might have towards his Post Office retirement fund, which is approximately $82,353.
Other than the home, the plaintiff has no assets of any kind, beyond a small bank account of $30.
There was spent by the defendant during the pendency of this action the sum of $13,088 from an IRA plus some U.S. Savings Bonds worth $1,211.70 plus the defendant has some insurance policies with an approximate value of $2,160 for a total of $16,459. The court is going to order the defendant to reimburse the plaintiff the sum of $8,275 which the court will order the plaintiff turn over to her attorneys as part of her attorney's fees. The court further orders that the plaintiff deliver or turn over to the defendant an amoire which was a gift from his parents, plus a VCR which he is requesting, plus wedding pictures from his side of the family. The court further finds that the parents of the defendant loaned the parties $8,500 — $3,000 of which was paid back by the plaintiff with funds she received when she first started collecting disability, leaving the plaintiff's portion of the obligation $1,250, which she shall pay to the defendant's parents or mother. The defendant will remain liable to his parents for the balance of $4,250.
The other major issue is an alimony award for the plaintiff. One of the problems the court sees is that if the plaintiff can get herself rehabilitated to the point where she can seek employment and secure employment, the order will be modifiable at that time. The court would encourage the plaintiff on the importance of seeking rehabilitation, some education and securing employment for her own self-esteem in order for her to survive successfully. Taking into account her handicap, this becomes extremely important. The parties do have a 20 year old son who is living with the father and whom the father still helps to support so that the plaintiff evidentially cannot look to her son for much help. The CT Page 10118 court will award her $225 per week for a period of five years to equalize her income with that of the defendant while she is making an attempt to rehabilitate herself. After five years, the award will be cut down to $200 per week. If she secures employment, the court at that time will have to determine what her needs are and what the ability of the defendant is to pay her further alimony. Alimony will be modifiable according to her ability to secure employment and become self-sufficient.
On the basis of all of the above findings, the court will hereby dissolve the marriage and orders will enter in accordance with its findings.
Kline J.